ON REHEARING
PER CURIAM.
We have previously withdrawn our opinion of October 29, 1980, in this case, and now substitute for it the following after reconsideration.
Appellant, the former wife, brings this appeal from the alimony and related provisions contained in a final judgment of dissolution of marriage.
The factual background against which the trial court made the determinations now on appeal is uncomplicated and may be simply stated. The parties, both age 44 at the time of the final hearing, had been married 20 years. Three children, now ages 12, 16 and 18 resulted from the union. The wife, after teaching for 2 years, was required to forsake that career to raise a family. Expert medical testimony established that she suffers from a back problem which is approximately 10% disabling. The husband, a stockbroker, can reasonably be expected to earn an annual income in excess of $100,000 and has a net worth that varying testimony placed at between $150,000 and $250,000. The marital homeplace is valued at $120,000, with an equity of approximately $80,000.
The final judgment dissolved the marriage, provided for custody, awarded wife exclusive possession of the marital home, and imposed various financial obligations on the parties. A subsequent order gave the husband certain items of tangible personal property.
As a result of the final judgment, the wife receives $2,000 per month as “permanent alimony” which is to “terminate upon the remarriage of Wife or should she become self-supporting.”
First, we do not accept appellant’s premise that refusal to give the wife the husband’s interest in the jointly owned marital residence as lump-sum alimony was an abuse of discretion. The petition for rehearing correctly points out that Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), would seem to authorize, under appropriate circumstances, an award of lump sum alimony to ensure am equitable distribution of property acquired during the marriage. While the argument is otherwise apt it ignores the fundamental precept that such discretion is lodged with the trial court rather than with the district court of appeal. Having tested that exercise of discre *688 tion by application of the Canakaris “reasonable man” inquiry and finding that reasonable men could disagree, our authority to deal with that aspect of the judgment is exhausted.
Similarly we are not prepared to overturn the award of permanent, periodic alimony. This court has previously upheld an award of permanent alimony of $1,500 monthly and no lump-sum alimony on facts not entirely dissimilar to those involved here. McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977). While $2,000 per month seems low based upon the financial data presented to the trial court in this case, it is not so grossly inadequate as to constitute an abuse of discretion. We again find that reasonable men could disagree as to its adequacy and therefore feel compelled to affirm under the test propounded in Canakaris v. Canakaris, supra.
Finding, as we now do, that appellant has failed to demonstrate reversible error in the foregoing or in any of the other points raised on appeal, we affirm the final judgment.
AFFIRMED.
ANSTEAD, HERSEY and GLICK-STEIN, JJ., concur.