461 So.2d 190 (1984)
Joan L. ELLIS, Appellant,
v.
Harry L. ELLIS, Appellee.
No. 84-229.
District Court of Appeal of Florida, Fourth District.
December 12, 1984.
Rehearing Denied January 18, 1985.
Ronald Sales of Law Offices of Ronald Sales, P.A., West Palm Beach, for appellant.
James M. Tuthill of Christiansen, Jacknin & Tuthill, West Palm Beach, for appellee.
DELL, Judge.
Joan L. Ellis appeals from a final judgment of dissolution of marriage.
This is a marriage of twenty-six years. The parties have three children, two adult children and one minor child. The minor *191 child resides with appellee and the parties have shared parental responsibility. Neither party brought any assets to the marriage, however during the course of the marriage they accumulated substantial property.
Appellee has personal income of approximately $33,000 to $36,000 per year and his corporation has income of approximately $50,000. Appellant has worked as a nurse and earned approximately $10,000 to $12,000 a year, but has not worked in that occupation for several years. She also worked as a clerk in appellee's business for which she received payment. At the time of the final hearing she was unemployed. Appellant has had a serious drinking problem for a number of years. However, she testified that she intended to obtain employment when she finished her treatment for alcoholism. A social worker testified that appellant needed approximately two more years of alcoholic rehabilitation treatment.
The principal assets of the marriage included the marital home, capital stock in ARA, Inc.,[1] two office condominiums, the Longboat condominium, and a vacation home. The trial judge treated each of these assets separately, taking into consideration the form of each of the parties' respective interest in the asset at the time of the final hearing. The judgment reflected that he based appellant's share of the marital assets on her proprietary interest and economic contributions, independent of consideration of her misconduct.
The trial judge valued ARA, Inc. at $350,000 and awarded appellant 35% of the corporation's value. He stated that 35% equaled $105,000 and awarded that amount as lump sum alimony. In exchange, appellee received appellant's stock in the corporation. Thereafter, the trial judge awarded appellant appellee's interest in certain jointly owned property as part payment of the $105,000. After giving credit to appellee for his interest in the properties awarded to appellant, the trial judge determined that appellee owed appellant a balance of $50,500. The trial judge stated that he considered the rate of interest, tax consequences, as well as the total circumstances in this case, and directed that appellee pay the balance owed to appellant in the form of rehabilitative alimony at the rate of $1,000 per month for five years.
Appellant contends the trial judge erred first, in the computation of her interest in ARA, Inc.; second, when he directed the remaining sum due for her interest in the marital assets be paid as rehabilitative alimony over five years; third, when he failed to award permanent periodic alimony; and, finally, when he failed to direct appellee to pay for psychiatric treatment which the court ordered in a previous temporary relief order.
First, appellant contends that in addition to her 25% interest in the corporation, the trial judge intended to award her 20% of appellee's total interest (20% of 75%), rather than 20% of his solely owned interest (20% of 50%). According to appellant's calculations, she should have received a total of 40% rather than 35%. Although facially an ambiguity exists as to the base percentage of appellant's interest, the judgment adequately demonstrates a clear intent to award her 35% of the value of the corporation. However, a mathematical error exists on the face of the judgment. Thirty-five percent of $350,000 equals $122,500, not $105,000. The trial judge's summary of the distribution of the marital property included this error. The correct amount owed to appellant equals $68,000 rather than $50,500 as stated in the final judgment.
Appellant correctly points out that the trial judge erred when he ordered appellee to pay the balance due on the distribution of the assets as rehabilitative alimony rather than lump sum alimony. Appellant received her award based on her proprietary interest and economic contributions to the marital assets, and in exchange for the lump sum award to appellant, appellee received appellant's stock in the corporation. *192 When the trial judge labeled the balance due appellant as rehabilitative alimony he exposed the lump sum award to possible future modification and subjected appellant to adverse income tax consequences which effectively reduced the value of the marital assets which she received. We hold that the trial judge should have ordered appellee to pay the $68,000 balance in a lump sum.
Next, the record compels us to hold that the trial judge should have awarded appellant periodic alimony separate and apart from her share of the marital assets. As discussed above, the lump sum award represented appellant's share of the marital assets. The judgment reveals the trial court's recognition of the need for periodic alimony in an amount of $1,000 per month, and we agree. Appellant has the expectation of returning to work, and she indicated a desire to do so, after she completes therapy. However, she has not used her skills for several years and the trial court's recognition of a need for rehabilitative alimony for five years is appropriate. Rehabilitative alimony "establish[es] the capacity for self-support of the receiving spouse, either through the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills." Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980).
Based on the long term marriage and other factors of this case we would have awarded permanent periodic alimony. However, "the standard of review is whether the trial judge abused his discretion and the test is whether any reasonable person would take the view adopted by the trial judge." Vandergriff v. Vandergriff, 456 So.2d 464, 466 (Fla. 1984). Since we cannot say that no reasonable person would have denied appellant permanent periodic alimony, we must affirm the trial judge's denial of permanent alimony.
Lastly, the trial judge should have enforced the temporary relief order which ordered appellee to pay appellant's psychiatric expenses.
Accordingly, we affirm the final judgment in all respects with the exception that we reverse and remand this case to the trial court with directions to correct the judgment to reflect that the remaining balance owed to appellant for her interest in the marital assets equals $68,000 and to order appellee to pay that sum to appellant in a lump sum; to award appellant $1,000 per month for five years as rehabilitative alimony; and to provide that appellee shall be responsible to pay the $2,790 balance due for psychiatric expenses incurred by appellant.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
HURLEY and WALDEN, JJ., concur.
NOTES
[1] Appellant owned 25% of the stock. Appellee owned 75% of the stock.