559 So.2d 281 (1990)
Frances B. EDWARDS, Appellant,
v.
James F. EDWARDS, Appellee.
No. 89-0079.
District Court of Appeal of Florida, Fourth District.
March 28, 1990.
Rehearing Denied April 27, 1990.
*282 Gerald Mager of the Law Offices of Gerald Mager, P.A., and Gary S. Gaffney and Scott Mager of Mager & Gaffney, P.A., Fort Lauderdale, for appellant.
Dorothy V. Maier of Maier & Miertschin, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
This is the second time this dissolution has been before us.
In Edwards v. Edwards, 519 So.2d 45 (Fla. 4th DCA 1988) we held that the trial court erred in failing to award the wife permanent periodic alimony. We then remanded the case for reconsideration of all financial issues permitting the court to take additional evidence, if necessary. The court held an additional hearing and thereupon entered a final judgment substantially similar to the original final judgment except that instead of the $600 rehabilitative award in the prior judgment, which we had reversed, the court awarded $780 per month in permanent alimony. The court awarded the wife the marital home which then gave her marital assets worth three times the value of assets kept by the husband. The court also ordered the husband to provide medical insurance for the wife for three years.
Appellant claims that the trial court erred in not adopting the findings of the general master appointed in the case. However, where, as here, the trial court referred only the issue of support pendente lite to the special master, and the trial court itself conducted a full final hearing on all the contested issues, including entitlement and the amount of permanent alimony, the trial court did not err in relying on its own findings. Simply put, the matter of permanent alimony was never referred to the general master.
Going then to the merits, and considering the marital assets awarded to the wife and the requirement that the husband pay the wife's medical insurance for a period of three years, we cannot conclude that an award of $780 per month in permanent alimony, while on the low side, is an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Gaster v. Gaster, 391 So.2d 687 (Fla. 4th DCA 1981). Further, although the trial court may have discretion to make the increased award of alimony retroactive to the date of the original final judgment as appellant requests, cf. Wright v. Wright, 411 So.2d 1334 (Fla. 4th DCA 1982), we cannot say the court abused its discretion here.
We do find, however, that the court did err in failing to require the husband to continue his life insurance policies for the benefit of the wife. At the first hearing in 1987 the husband volunteered that these policies were in force and effect for the wife. Having acknowledged those policies, including the policy through his employer, were to benefit the wife, we think the court erred in not including as part of the final judgment a requirement that he continue her as a beneficiary on them and that they be kept in force. See also Sobelman v. Sobelman, 541 So.2d 1153 (Fla. 1989), which holds that the court may order an obligor spouse to provide life insurance to protect an award of alimony to a spouse pursuant to section 61.08(3), Florida Statutes (1985).
Affirmed in part; reversed in part and remanded for further proceedings consistent with this opinion.
HERSEY, C.J., and WARNER and GARRETT, JJ., concur.