570 So.2d 1087 (1990)
Robert B. CAMERON, Appellant,
v.
Marsha K. CAMERON, Appellee.
No. 89-3047.
District Court of Appeal of Florida, First District.
December 4, 1990.
*1088 Laura N. Melvin, Milton, for appellant.
Michael A. Morris of Myrick & Davis, P.A., Pensacola, for appellee.
ZEHMER, Judge.
Appellant Robert Cameron, the former husband, and cross-appellant Marsha Cameron, the former wife, bring up for review the final judgment dissolving their marriage and the order entered on their motions for rehearing. We find error in the trial court's determination regarding the funds in the former husband's pension plans; the remaining points are affirmed without discussion.
The parties were married for twelve years, during which time the former husband worked as an orthopedic surgeon and the former wife raised the parties' two children. At the time of the marriage, the former husband already had an established retirement program to which he had contributed approximately $75,000. During the marriage, these retirement funds increased an additional $448,000. In the final judgment of dissolution, the trial court found the during-marriage appreciation of these retirement funds to be marital property and awarded the former wife a special equity in the amount of $224,000, which it found was equal to one-half of the during-marriage appreciation of the retirement funds. The trial court ordered the former husband to pay this amount to the former wife "as and for a lump sum of alimony ... at the rate of $1,500.00 per month commencing August 1, 1989." On motion for rehearing, the former wife argued that the $224,000 lump sum alimony award should bear interest until such time as full payment of the debt is satisfied. In his motion for rehearing, the former husband asserted that any funds paid to the former wife for her interest in the pension plan should be based upon the present value of the plan, an amount which is considerably less than one-half of the plan's during marriage appreciation. In response to these arguments, the trial court ruled in its order on motions for rehearing that:
The Wife's motion for interest on the lump sum alimony payments is denied by reason of the Court's finding that the present market value of the assigned interest in the Pension and Profit Sharing Plan is equal to $224,000.00 less the time value of the money resulting from the periodic payments ordered by the Court. However, the Court determines and orders that the Husband shall not have any reduction in payment of the lump sum alimony by reason of early payment.
(R. 154).
On appeal, both parties reassert their respective contentions that the trial court erred with regard to this award. The former wife argues that the trial court clearly found the present value of her special equity in the pension plan to equal $224,000, and that denial of interest on that amount was error. The former husband responds that the trial court took into account the time value of the periodic payments and *1089 that the $224,000 award already includes interest. The former husband further argues, however, that the trial court should be directed to enter a qualified domestic relations order which would protect him from having to pay income taxes on the former wife's share of the pension fund, for this award constituted a distribution of existing marital assets.
We cannot accept the former wife's interpretation of the order on rehearing to the effect that the court found the present value of her special equity to be $224,000. Obviously, the amount of $224,000 is qualified by the rest of the sentence reading "less the time value of the money resulting from the periodic payments ordered by the Court." What is not obvious from this finding of the trial court, however, is the exact amount it determined to constitute the present value of the special equity and whether part of the $224,000 award constituted interest. Furthermore, it appears that the trial court failed to consider and make appropriate provision for the tax consequences of this award to each of the parties.
Because the pension fund cannot be drawn until sometime in the future, the court must make a clear determination of the present value of the former wife's interest in those funds. Then, the court may enter a qualified domestic relations order pursuant to 26 U.S.C. § 414(p) awarding the former wife a present assignment of that amount so that the former husband may avoid the income tax consequences attached to her receipt of those funds, see Griffiths v. Griffiths, 563 So.2d 773 (Fla. 3d DCA 1990) (remand for modification of judgment of dissolution of marriage and entry of a qualified domestic relations order), or it may require that the former husband pay the present value of the former wife's interest in the pension funds by way of periodic lump sum alimony payments plus accrued interest, see Villaverde v. Villaverde, 547 So.2d 185 (Fla. 3d DCA 1989) (trial court erred in its "failure to award interest at the legal rate provided in section 55.03, Florida Statutes (1985), on pension money awarded to the wife but not transferred to her."). In either event, the court must consider and determine the income tax consequences to both parties. Accordingly, we reverse and remand for these purposes. Otherwise, we find no error in the appealed judgment and order, and in all other respects they are affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent herewith.
JOANOS and WIGGINTON, JJ., concur.