602 So.2d 1354 (1992)
Calvin NICEWONDER, Appellant,
v.
Arstine NICEWONDER, Appellee.
No. 90-957.
District Court of Appeal of Florida, First District.
July 28, 1992.
*1355 Kristin Adamson and Jerome M. Novey of Novey & Mendelson, Tallahassee, for appellant/cross-appellee.
Robert B. Staats of Staats, Overstreet, White & Clark, Panama City, for appellee/cross-appellant.
PER CURIAM.
We review by appeal and cross-appeal a final judgment of dissolution awarding equitable distribution of marital assets. The appealing former husband urges a number of points for reversal and the cross-appealing former wife "challenges the court's valuation of the parties interest in LABRISA." We reverse and remand for further proceedings, concluding that the trial court failed to follow certain requirements and decisions of this court, and failed to set forth sufficient findings of fact on significant disputed factual issues to afford the parties adequate appellate review. Because the judgment must be reversed for the errors discussed below, we find it unnecessary to discuss any other points raised by Appellant's appeal and by Appellee's cross-appeal.
The principal areas of dispute between the parties involved the appropriate valuations to be given to the various marital properties. The trial court's final judgment under review set forth the following findings of fact:
THIS CAUSE came on this day to be heard upon the Wife's Petition for Dissolution of Marriage, and the Husband's Answer and Counter-Petition, and the Court having taken testimony in this cause and having found:
1. That the marriage of the parties is irretrievably broken.
2. That a proper date for valuation of the marital assets would be December 31, 1988.
3. That the Wife is entitled to permanent, periodic alimony.
4. That all of the assets owned by the parties were accumulated by them during their marriage and are considered marital assets to be equitably distributed.
5. That the Husband, CALVIN NICEWONDER, should be awarded as his sole and exclusive property the parties' interest in La Brisa Motor Inns, Inc., and Bay Front Development, Inc. and the IRA account titled in his name.
6. That the Wife, ARSTINE NICEWONDER, should receive all of the *1356 other marital assets in existence as of December 31, 1988. This division of assets would result in a distribution of approximately 60% of the marital assets to the Husband and 40% to the Wife. The Court finds that this is an additional factor in determining the Wife's entitlement to permanent, periodic alimony.
7. That each party should pay their own Court costs and attorney's fees incurred in connection with these proceedings.
Based on these findings, the court ordered the following equitable distribution of the various marital properties. To the appellant husband, the court awarded "the parties' interest in the stock of La Brisa Motor Inns, Inc., the parties' interest in the stock of Bay Front Development Company, Inc., and that IRA account registered in his name." To the appellee wife, the court awarded the marital residence, the parties' interest in the Parker Village Apartments together with the office building and adjacent land where Nicewonder Realty is located, the parties' interest in Twin Oaks Apartments, the parties' interest in a mobile home and certain lots, the Horizon South Condominium, a rental house on East Fourth Street, two lots on Cherry Street, the wife's IRA account, stock in Nicewonder Realty, the Thomas mortgage receivable, the $1,000 church bond, the $300 U.S. government bond, all household furnishings and effects in the marital residence and in the Horizon South Condominium, the 1984 Pontiac automobile, all life insurance policies outstanding as of December 31, 1988, insuring the husband's life, including the cash surrender value thereof, and the balance in the parties' checking and savings accounts in Security Federal and First Federal, totaling $94,500.
We reverse these distributions of marital assets and remand for further findings of fact on valuation and reconsideration of the plan of equitable distribution for the following reasons.
First, the appealed order fails to contain findings of fact on the disputed valuation issues that are sufficient to allow this court to afford meaningful and reliable appellate review. The final judgment leaves unclear what valuations were used in arriving at the ordered equitable distribution, although such valuations constitute the principal source of dispute between the parties in this litigation. We are unable to determine from the record what valuations were attributed to the properties by the trial court.[1] If the parties are to be accorded full and fair appellate review of the findings of fact and rulings made by the court below, that can be done only if the appealed order sets forth adequate findings of fact as to valuation assigned to the various properties by the court. For example, in Prom v. Prom, 589 So.2d 1363 (Fla. 1st DCA 1991), this court held, consistent with many prior decisions of this court in similar situations:
Although the trial court's distribution was intended to be equitable, meaningful appellate review is not possible because the trial court failed to make specific findings as to the value of the marital assets. Without determining the value of the assets, the court's other findings could not be effectuated. The lack of findings as to the value of the wife's interest in the law firm, the duplexes, the Isuzu Trooper, the marital home and its furnishings, and the current balance of liabilities contained in the former husband's financial affidavit prohibit this court from determining what sort of distribution was made, or even intended, by the trial court. Accordingly, we reverse the distribution of assets and liabilities and remand for further proceedings.
589 So.2d at 1365. See also Saxton v. Saxton, 454 So.2d 575 (Fla. 4th DCA 1984) *1357 (where confusion existed as to the valuation of a piece of property and this valuation was integral to the trial court's entire plan of distribution, the interests of justice compelled reversal of all aspects of the final judgment save the dissolution). For these reasons, it is not possible in this case to address with fairness and accuracy Appellant's and Appellee's arguments respecting the valuation of each disputed property.[2]
Second, the trial court used December 31, 1988, as the date of valuation of the property, although that is not the date of filing of the petition, the hearing date, nor the date of a valid settlement agreement between the parties, and failed to provide any reason in the final judgment for the use of this date. Cf. § 61.075(4), Fla. Stat. (Supp. 1988). Although this case is not governed by section 61.075(4) because the petition was filed prior to October 1, 1988, that section's effective date,[3] the valuation dates required to be used before enactment of this statute had been either the petition filing date or the hearing date in cases where the value of the parties' property had significantly increased in value between the filing and trial dates, unless the trial court found sufficient justification for using some other date. See, e.g., Perlmutter v. Perlmutter, 523 So.2d 594 (Fla. 4th DCA 1987), rev. denied, 531 So.2d 1354 (Fla. 1988) (while the determination of the valuation date is for the trial court on a case by case basis depending upon the facts and circumstances of the case, the trial court erred in choosing the filing date of the petition as the appropriate date for valuation where the property had increased in value between the filing and trial date by over $2,000,000); Moore v. Moore, 543 So.2d 252 (Fla. 5th DCA 1989) (while the date of the dissolution hearing is the most common date selected for valuing the marital assets, valuation of husband's employee profit sharing plan should equitably have been based on value following the 1987 stock market crash since the judgment was dated after black Monday). The record in this case provides us with no factual basis or explication of the reasons for the trial court's selection of December 31, 1988, as the valuation date, and we have not discerned any from the record.
Third, the appealed judgment requires the husband to pay all federal income tax liabilities involving the businesses and properties operated during the marriage without determining the amount of such liabilities and without giving due consideration to such amounts in effecting an equitable distribution. A trial court is required to consider the consequences of income tax laws on the distribution of marital assets and alimony ordered by it, and failure to do so is ordinarily reversible error. Sweeney v. Sweeney, 583 So.2d 398 (Fla. 1st DCA 1991); Cameron v. Cameron, 570 So.2d 1087 (Fla. 1st DCA 1990); Blythe v. Blythe, 592 So.2d 353 (Fla. 4th DCA 1992); Werner v. Werner, 587 So.2d 473 (Fla. 3d DCA 1991), rev. denied, 599 So.2d 661 (Fla. 1992); Gentile v. Gentile, 565 So.2d 820 (Fla. 4th DCA 1990); Ellis v. Ellis, 461 So.2d 190 (Fla. 4th DCA 1984). Accordingly, the trial court should consider all tax consequences, including contingent tax liabilities, that affect the value of the properties distributed to the husband and wife, as in this case. The trial court's failure to do so in this case requires reversal and reconsideration thereof on remand.
The award of permanent periodic alimony to the former wife was based on the trial court's conclusion that the former husband was being awarded 60% of the marital assets while the former wife only received *1358 40%. Because the valuations used in determining the distribution of marital assets cannot be affirmed for the reasons stated above, the provisions for equitable distribution and for permanent periodic alimony in the final judgment are also reversed for reconsideration on remand.
This cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
BOOTH, ZEHMER and WOLF, JJ., concur.
ZEHMER, Judge (concurring).
I fully concur in the panel opinion and write only to explain in more detail why I agree to remand for further consideration of the tax consequences in respect to the properties involved in this case. It is obvious that some of these properties, having provided income tax deductions taken during the marriage as a means of deferring the tax due on marital income to a date in the future when the properties are sold, will give rise to substantial income tax liabilities immediately upon their disposition pursuant to the recapture provisions of the Internal Revenue Code. It cannot be said, therefore, that the valuation of these investment properties without considering such tax consequences is fairly reflective of their correct fair market value to the parties to this marriage. In determining the value of the properties being equitably distributed, the trial court's use of a perceived fair market value without considering potential income tax consequences and including the effect of such contingent income tax liabilities generated during the marriage simply ignores the value of both assets and liabilities created during the marriage, a determination obviously necessary to equitably allocate both between the parties. On remand, the parties should present competent evidence regarding the income tax consequences of such contingent liabilities and the trial court should make findings thereon.
NOTES
[1] At the request of the trial judge, Appellee's counsel prepared a final judgment that included property valuations on the several properties, but these valuations were not included in the final judgment for reasons not made apparent to this court. While these valuations would appear to form a basis for the equitable distribution, we ought to assume, at the very least, that the court's failure to include them in the final judgment constituted a rejection or disapproval of them.
[2] Based on some trial court orders of equitable distribution reviewed in this court, we recommend the use of a chart to set forth appropriate information concerning disputed property valuation and the valuations found by the court, using columns titled (1) property description, (2) H's valuation, (3) W's valuation, and (4) Court's valuation. An accurate statement of this information in chart form provides a convenient basis for reviewing the resolution of disputed valuation issues. Of course, the court's valuation must be based on the greater weight of the evidence and in accordance with standards discussed infra.
[3] This statute was expressly made applicable to proceedings commenced after its effective date. See Ch. 88-98, § 8, Laws of Florida.