POLEN, Judge.
Appellant, Lisa Jordan, brings this appeal from a final judgment of dissolution of marriage. No children were born of the parties’ six year marriage, although the former husband had two teenage children *47 from a previous marriage who were not a factor in this dissolution. At the time of dissolution the former wife was thirty-four years of age and the former husband was fifty-one years of age. The former wife attended college during the marriage, receiving an Associate’s degree in 1987. She was due to receive a Bachelor’s degree in December of 1991.
We find no error in the trial court’s failure to award the former wife a portion of the alleged enhanced value of the former husband’s State Farm Insurance Agency. Nor do we attribute any improper motive to the trial court’s recitation of the parties’ participation in marriage counseling. Nothing in the record indicates that testimony regarding marriage counseling influenced the trial court in arriving at the final judgment of dissolution.
We remand the final judgment, however, for correction of what appears to be a scrivener’s error in paragraph 6(a) which incorrectly recites that the former husband is responsible for making the former wife’s car payments for one (1) year. It is apparent from two other provisions of the final judgment that the trial court intended the former husband to make these payments for a two (2) year period.
We write further to note that we find it helpful for the trial court to set forth in the final judgment of dissolution a statement of the parties’ property valuations and distribution in chart form. Such a chart accommodates appellate review of the court’s equitable distribution. See Nicewonder v. Nicewonder, 602 So.2d 1354, 1357 n. 2 (Fla. 1st DCA 1992).
The parties’ dissolution of marriage is affirmed and the final judgment is remanded for the sole purpose of correcting the scrivener’s error in paragraph 6(a).
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
ANSTEAD, J., concurs.
FARMER, J., concurs in result only.