633 So.2d 106 (1994)
William Richard LORMAN, Appellant/Cross-Appellee,
v.
Joyce LORMAN, Appellee/Cross-Appellant.
No. 93-00366.
District Court of Appeal of Florida, Second District.
March 11, 1994.
*107 Stevan T. Northcutt, Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for appellant, cross-appellee.
John M. Strickland, Livingston, Patterson & Strickland, P.A., Sarasota, for appellee, cross-appellant.
LAZZARA, Judge.
The parties challenge various provisions of an amended final judgment of dissolution of marriage. The former husband argues on direct appeal that the trial court erred by (1) fixing his child support obligation without factoring in the former wife's interest income from an award of lump sum alimony; (2) ordering him to provide as security for spousal support a life insurance policy in the sum of $250,000; and (3) requiring him to be solely responsible for the parties' federal income tax liability for the years pre-dating the petition for dissolution of marriage. The former wife contends on cross-appeal that the trial court erred by not considering the impact of federal income taxes on her award of alimony.
*108 We reject both the former husband's first argument and the former wife's contention and affirm on those points. We find merit in the former husband's other two arguments and reverse and remand on those points.
During the course of the proceedings, the former husband agreed to continue to maintain a life insurance policy in the sum of $325,000 as security for his alimony and child support obligations. The trial court properly incorporated this agreement in one provision of the final judgment. See Edwards v. Edwards, 559 So.2d 281 (Fla. 5th DCA 1990). However, without any evidentiary basis, the trial court imposed an additional $250,000 life insurance requirement in another provision of the judgment. This was error. Sobelman v. Sobelman, 541 So.2d 1153, 1154 n. 2 (Fla. 1989).
On remand, the trial court shall consider whether this additional insurance is necessary and, if so, the availability and cost of such insurance and the financial impact it will have on the former husband. Kremer v. Kremer, 595 So.2d 214, 218 (Fla. 2d DCA 1992). The trial court shall also have the option of reserving jurisdiction on this issue if it is not ripe for immediate resolution. See Bassett v. Bassett, 571 So.2d 532 (Fla. 1st DCA 1990).
The trial court further erred by requiring the former husband to assume total responsibility for the parties' federal income tax liability for the years preceding the petition for divorce. Although we recognize the trial court's discretion to impose such a requirement under the facts of this case, Hair v. Hair, 402 So.2d 1201 (Fla. 5th DCA 1981), nevertheless, before it may do so, it must first determine the amount of the tax liability and then give appropriate consideration to the financial consequences this liability will have on an overall scheme of equitable distribution. Nicewonder v. Nicewonder, 602 So.2d 1354, 1357 (Fla. 1st DCA 1992). The trial court failed to engage in this analysis and thus committed reversible error. Id. Moreover, we would note that there was no evidence in the record to suggest the amount of this tax liability or that it will ever be imposed on the parties.
If on remand the trial court finds that this liability is substantial and not merely speculative and again orders the former husband to assume full responsibility for its payment, then the trial court shall have the authority to revisit its original plan of equitable distribution, including spousal support, and determine if it should be modified in any respect in order to accomplish equity and justice between the parties. E.g., Eagan v. Eagan, 392 So.2d 988, 990 (Fla. 5th DCA 1981).
Affirmed in part, reversed in part, and remanded.
BLUE, A.C.J., and QUINCE, J., concur.