PER CURIAM.
In this appeal and cross-appeal, we have for review a final judgment of dissolution in which the former wife was awarded permanent periodic alimony and the marital assets were distributed. Both parties argue that the trial judge abused his discretion in a variety of ways. We reverse and remand for further proceedings.
The trial judge determined that total marital assets were $1,708,628.00, and that of this total, $1,129,332.00 was in the name of the former husband and $579,306.00 was in the name of the former wife. In order to achieve an equal distribution of marital assets, the trial judge ordered the former husband to pay to the former wife the sum of $275,008.00 in the form of cash or regularly traded securities. The former husband asserts on appeal that the property awarded to him includes $625,000 in fully taxable IRA’s while the property awarded to the former wife includes only $40,000 in taxable IRA’s. He argues that the trial judge abused his discretion by failing to consider the income tax consequences of withdrawal of funds from the IRA’s.
*1044 Because it appeared that the former wife had received the amount awarded to her in the final judgment pursuant to a settlement agreement with various parties involved in litigation in a California action, this Court requested supplemental briefs from the parties regarding whether the settlement agreement rendered the former husband’s argument regarding the distribution of marital assets moot. We are unable to determine from the record on appeal, however, whether the third parties were authorized to act for the former husband. We therefore find it necessary to remand this matter to the trial judge for further consideration. If the trial judge determines that the parties who made payment to the former wife pursuant to the settlement agreement were authorized to act for the former husband and were indeed acting on his behalf, the arguments raised by the former husband on appeal are moot.
If the trial judge determines that the matter is not rendered moot, the trial judge should then reconsider the matter of income tax consequences of the funds held in IRA’s. Nicewonder v. Nicewonder, 602 So.2d 1354 (Fla. 1st DCA 1992). Contrary to the former wife’s assertions, it does not appear that the trial judge intended an unequal distribution of the parties’ net worth. The former wife also argues that it was impossible for the trial judge to determine whether the former husband, through his counsel in California, had previously liquidated his IRA’s. The trial judge did state that it is completely impossible to make a determination concerning the status of the parties’ assets in California at this point. This might be a valid basis for declining to consider income tax consequences with regard to the funds. See England v. England, 626 So.2d 330 (Fla. 1st DCA 1993). This was not, however, the reason articulated by the trial judge for declining to consider income tax consequences for funds held in IRA’s.
The trial judge instead noted in his opinion that the tax “only comes into play if the IRA is not rolled over but maintained in its present form. If the Court awards to the Wife an IRA of the Husband’s, then it could be simply rolled over and there would be no tax due. Likewise, the parties could let the IRA’s remain in place and there would be no tax. It is only if the IRA is cashed in that a tax becomes due, therefore, the Court will not consider this to be a current tax liability.” Consideration of tax consequences is appropriate, however, because of the actions of the parties during the marriage of deferring income tax liabilities on the funds placed into IRA’s. See Nicewonder, 602 So.2d at 1358 (Zehmer, J., concurring). Accordingly, it is necessary to remand this matter for further findings by the trial judge.
If, on remand, the trial judge alters the distribution of marital assets, it may be necessary to reconsider the amount of the permanent, periodic alimony awarded and the life insurance maintained for the benefit of the former wife. The remaining issues raised by the parties are without merit.
ERVIN, BARFIELD and WEBSTER, JJ., concur.