671 So.2d 162 (1996)
George J. BUSBY, Appellant,
v.
Karlyn Kay Rehard BUSBY, Appellee.
No. 94-2697.
District Court of Appeal of Florida, Fourth District.
February 14, 1996.
Order Denying Rehearing March 27, 1996.
H.T. Maloney and Brenda L. Henderson of Patterson & Maloney, Fort Lauderdale, for appellant.
Richard L. Rosenbaum of the Law Offices of Richard L. Rosenbaum, Fort Lauderdale, for appellee.
*163 WARNER, Judge.
The principal issue in this appeal is whether the trial court erred in using the date of filing the petition for dissolution as the date of valuation of the husband's office building when a foreclosure sale was pending at the time the final judgment was rendered. Finding that the trial court did not abuse its discretion, we affirm.
The parties were married in 1989 and separated in 1992. The husband is an architect, and the wife is a successful real estate broker. At issue in this appeal is the equitable distribution of the marital assets, the main point of contention being the value of the office building which was purchased by a partnership owned by the parties prior to the marriage. The husband's architectural firm originally occupied the entire building and paid all of the expenses. When the parties separated, the wife asked the husband to sell the building, which he refused to do. Then the husband's architectural business was downsized, and as a result, the husband rented out two-thirds of the building. A foreclosure action was commenced against the building about a year after the institution of the divorce proceedings. The tenants began withholding their rent, and the foreclosure proceeded to final judgment. The husband did not request any capital contribution from the wife to save the building until after the first notice of the foreclosure action was sent. The wife, an accomplished real estate broker, told the court that the building was listed for sale three weeks before the final hearing on the dissolution, and there was still a "definite possibility" that the building could be sold, thereby avoiding the foreclosure sale set two weeks after the final hearing on the dissolution.
The husband contends that by using the filing date of the dissolution in May of 1993 to value the building instead of the date of the final hearing, the value of the building was artificially high when in fact, with a foreclosure sale pending, the building had no value. As the trial court gave the building a substantial value and awarded it to the husband, that skewed the entire equitable distribution plan unfairly in the wife's favor.
The husband first argues that under section 61.075(6), Florida Statutes (1994), the trial court could choose different valuation dates for different assets. Unfortunately for the husband, the amendment giving the trial court this discretion was enacted in May of 1994, nearly a year after the dissolution was filed.[1] Because the petition was filed in May of 1993, the 1993 version of the statute applies. See Nicewonder v. Nicewonder, 602 So.2d 1354 (Fla. 1st DCA 1992).
Even if the court had the discretion to value the building at a date different from the other assets, we still find no abuse of discretion in failing to reduce the value of the asset because of the pending foreclosure sale. The trial court found that any loss in equity of the office building was solely a result of the actions or inactions of the husband. He was responsible for managing this asset, he failed to ask his wife for any capital contribution, and he resisted her request to sell the building before the foreclosure was commenced. Further, these were all decisions made after the break-up of the marriage. Thus, this case is distinguishable from Gentile v. Gentile, 565 So.2d 820 (Fla. 4th DCA 1990), where the losses suffered in assets were a result of imprudent investment decisions made during an intact marriage.
The husband also challenges the trial court's refusal to award him alimony. The record, however, supports the trial court's exercise of its discretion on this issue.
Finally, the attorney's fees issue is not ripe for appellate review as the amount of the fee has not been set by the trial court. See Hurtado v. Hurtado, 407 So.2d 627 (Fla. 4th DCA 1981).
Affirmed; remanded for further proceedings as to the issue of attorney's fees.
STONE and SHAHOOD, JJ., concur.

ON MOTION FOR REHEARING
The husband claims that we overlooked the fact that the trial court did not use the date of filing the petition for dissolution as the *164 date of valuation of the office building. We disagree, as the final judgment awarded the building to the husband with the hope that he would use his efforts to salvage the equity in the office building "that existed at the time of the filing of the Dissolution of Marriage in May, 1993." There was conflicting testimony from the husband's expert as to what date he used to value the building, but in the end he informed the trial court that he valued the building in accordance with the husband's deposition testimony of May 1993. Thus, our reference is not incorrect but reflects the ruling of the trial court on the issue.
The motion for rehearing is denied.
STONE, WARNER and SHAHOOD, JJ., concur.
NOTES
[1] See Ch. 94-204, § 1, at 1172, Laws of Fla.