PER CURIAM.
This is an appeal of two non-final orders entered in dissolution proceedings. The first order determined the date of marital and non-marital property, granted injunctive relief and enjoined the husband from disposing of property existing as of the date set by the court for determination of assets. The second order enjoined the transfer or alienation of assets held in a revocable living trust created in 1990 and prohibited the husband from altering, amending or revoking the trust and his will. We affirm in part, reverse in part and remand.
Appellant raises two issues, one of which we find persuasive; namely, that the trial court erred in applying the 1994 amendment to section 61.075(6), Florida Statutes, in determining the date of marital assets subject to injunctive relief. In Busby v. Busby, 671 So.2d 162 (Fla. 4th DCA 1996), reh’g denied (Mar. 27, 1996), the court said that the valuation date should be determined in accordance with the statute in existence when the petition for dissolution was filed. We believe the same holds true for the determination date.
Prior to the 1994 amendment, the determining statute read:
The date for determining marital assets and liabilities and the value of such assets and the amount of such liabilities is the earliest of the date the parties enter into a valid separation agreement, such other date as may be expressly established by such agreement, or the date of the filing of a petition for dissolution of marriage, unless the trial judge determines another date is just and equitable under the circumstances.
§ 61.075(6), Fla.Stat. (1991).
Because we cannot determine what decision the trial court would have made in applying the earlier statute, we reverse and remand for it to do so.
GLICKSTEIN, WARNER and SHAHOOD, JJ., concur.