PER CURIAM.
Mahmoud Nassirou, the former husband, challenges that part of a final judgment of dissolution which distributes the entire value of his 401 (k) account to Nellie Borba Nassirou, the former wife. For the reasons that follow, we reverse.
By the final judgment, the trial court ordered the former husband to pay child support and to pay $595 per month as part of the tuition for a private school for the oldest child. The debts and assets of the parties were evenly distributed except for the assets of the former husband’s 401 (k) account. With respect to this asset, which was not assigned a value in the final judgment, the trial court ordered that it be awarded to the former wife explaining:
The Husband has a 401(k) held at Wells Fargo. The Court Finds that the Husband’s criminal acts of domestic violence against the Wife in front of the minor children, violation of the Final Judgment of Injunction, and that the Husband did not contribute his pro-rata share of the oldest minor child’s private school education for the 2011-2012 school year warrant an unequal distribution of this asset.
As noted, in a separate provision of the final judgment, the former husband was ordered to pay for private school tuition so long as the oldest child attends private school. While the trial court found an arrearage existed as to the tuition owed for the 2011-2012 school year, the trial court did not make a finding as to the amount of the arrearage. While the 401(k) account may be subject to distribution to satisfy that arrearage, the account cannot be distributed to the former wife for punitive reasons.
By statute, the starting point of equitable distribution is a 50-50 split of marital assets and liabilities. See Bell v. Bell, 642 So.2d 1173 (Fla. 1st DCA 1994) (reversing unequal distribution of marital assets in favor of the wife because the husband’s conviction for child molestation did not result in any depletion of marital assets or visitation of liability upon the wife). An unequal distribution is permitted on “relevant factors” which includes the “intentional dissipation, waste or destruction of marital assets” or on “[a]ny other factors necessary to do equity and justice between the parties.” § 61.075(l)(i)(j), Fla. Stat. However, marital misconduct is not a valid basis for a *453 distribution scheme. As the court in Green v. Green, 501 So.2d 1306, 1309 (Fla. 4th DCA 1986), explained: “[t]he issue of fault, removed by the legislature as a requirement for dissolution of marriage, should not be expanded beyond that expressly intended by the legislature, in deciding the economic issues between the parties whose union is ending.”
Section 61.075(3), Florida Statutes (2010), requires that any distribution of marital assets or debts be supported by factual findings in the judgment including “the individual valuation of significant assets.” As noted, the judgment provided neither a valuation for the former husband’s 401 (k) account nor an amount for any arrearage in tuition payments. Thus, it cannot be determined from the judgment how much of that account must be distributed to satisfy the tuition arrearage. Any amount above the tuition arrearage should be equitably distributed.
Accordingly, the judgment of dissolution is REVERSED in part, and the cause is REMANDED for further proceedings consistent with this opinion.
VAN NORTWICK, THOMAS, and ROBERTS, JJ., concur.