PER CURIAM.
This is Former Husband’s second appeal arising out of the final judgment of dissolution dissolving the parties’ marriage and adjudicating various attendant issues related to the dissolution.[1] In this appeal, Former Husband appeals three orders entered by the trial court. First, he challenges that portion of the final judgment of dissolution of marriage naming Former Wife “the Majority 100% Time-Sharing parent” of the parties’ two minor children. He also challenges two post-dissolution orders, one relieving a psychologist of his responsibility as a parenting coordinator, and another addressing the distribution of Former Husband’s 401(k) plan assets, school tuition arrearages, and child sup *438 port arrearages. We affirm as to the time-sharing portion of the final decree, because Former Husband waived this issue when he failed to raise it in his first direct appeal of the dissolution judgment. We affirm the second order without further comment. As explained below, however, we reverse and remand as to the court’s order concerning asset distribution and arrearages.
The judgment of dissolution ordered Former Husband to pay child support in the amount of $1,690 per month, or if paid weekly, $390 per week. These payments were effective May 1, 2012. The court also adjudicated child support arrearages in the amount of $4,981.06, to be paid at the rate of $50 per month. Finally, as noted in this court’s previous opinion, the court ordered Former Husband to pay $595 per month toward the parties’ oldest child’s private school tuition. The judgment instructed that all three of these obligations were subject to an income deduction order.
In the first appeal, this court reversed that portion of the dissolution judgment awarding 100% of the assets in Former Husband’s 401 (k) plan to Former Wife, because the trial court improperly considered marital misconduct as one of the bases for the inequitable distribution of those assets. 117 So.3d at 452-53. The other ground for this distribution was Former Husband’s failure to contribute his share of the private school tuition. Id. This court remanded the matter for the trial court to determine the value of the plan’s assets and also to determine “how much of that account must be distributed to satisfy the tuition arrearage” owed by Former Husband. Id. at 453. We also held that any “amount above the tuition arrearage should be equitably distributed.” Id.
Upon Former Wife’s motion, the court conducted a hearing to address these matters, as well as to determine the amount of child support arrearage owed by Former Husband and his share of a medical bill incurred for treatment of one of the children.[2] In its order, the trial court found that Former Husband owed $13,587.28 in unpaid tuition, with this amount to be deducted from Former Husband’s share of the 401 (k) assets. The court also found that Former Husband was responsible for $14,867.56 in child support arrearages. Only the child support arrearage amount is at issue.[3]
In making its finding as to the amount of the child support arrearage still owed by Former Husband, the court relied on a domestic relations depository record generated by the clerk of the court and an attached cover letter. These documents were generated based on a request to conduct an audit to determine Former Husband’s payments and amounts due on all three obligations. The clerk conducted *439 three such audits for the period of May 1, 2012, through June 18, 2013. According to the cover letter, the first audit “has the child support, arrearage, and school tuition going through the depository,” and reflected a balance due of $14,696.02.[4] The second audit “has only the child support and arrearage going through the depository,” and reflected a balance due of $6,457.42. The third audit “has only child support going through the depository,” and reflected a balance due of $1,476.36.
Based on Former Wife’s testimony and argument, and over Former Husband’s objection, the court determined that the first audit reflected the correct child support arrearage, despite the fact that this figure included not only the pre- and post-judgment arrearages, but also tuition arrearag-es. This finding also overlooked the fact that there was a breakdown of the “Final Payoff Balances” by type of payment at the end of the audit report. This, in turn, reflected three separate balances, one for child support, one for child support arrears, and one for tuition, the total of which was $14,696.02. Significantly, however, of that total, only $3,560.26 is for child support and $4,819.50 is for arrears, for a total of $8,379.76. Equally significant is the fact that the payoff balance for these two items in the other two audit reports is the same as in the first, and in the third, the amount of arrears is actually negative $161.56.
Based on the foregoing, the record does not support the trial court’s finding that Former Husband’s child support arrearage obligation was $14,867.56. Consequently, we REVERSE the trial court’s order on this issue and REMAND for a recalculation of child support arrearages.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
THOMAS, RAY, and SWANSON, JJ., concur.

. See Nassirou v. Nassirou, 117 So.3d 451 (Fla. 1st DCA 2013).

. The trial court found that the distributable amount of the 401 (k) plan was $52,469.75. In the trial court’s order, and contrary to this court's instructions, the trial court first determined that each party was entitled to one-half of this amount, or $26,234.88. The trial court then used this amount as the benchmark and deducted from Former Husband’s half of the 401(k) assets his portion of the medical bill and his child support and tuition arrearages. Although Former Husband did not object to this below and, thus, it is not an issue on appeal, our decision today will necessitate revisiting the 401(k) distribution issue, at which time the trial court can correct this oversight.

. Although Former Husband argues the tuition arrearage is only $11,522.67, it is clear from the hearing transcript that he agreed the higher amount was the correct figure; thus, this argument was waived.

. The higher amount determined by the court was based on the time elapsed between June 18, 2013, and the hearing on September 18, 2013.