# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-132

_____

MAHMOUD NASSIROU,

    Appellant,

    v.

NELLIE N'GESSAN BORBA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Daniel Wilensky, Judge.

February 5, 2018

PER CURIAM.

For the third time, we consider an appeal relating to Mahmoud Nassirou and Nellie Borba's divorce. *See Nassirou v. Nassirou*, 135 So. 3d 437 (Fla. 1st DCA 2014); *Nassirou v. Nassirou*, 117 So. 3d 451 (Fla. 1st DCA 2013). In this appeal, the former husband challenges an order that determined the amount of his child-support arrearages, distributed the marital portion of his 401(k) plan, and awarded his former wife $18,000 in attorney's fees. We affirm in part and reverse in part.

First, the former husband contends the trial court ignored this court's earlier mandate. Specifically, he argues that "it was established as law of the case" that he owed only $3,560 for child support (for a specified period) and that the trial court lacked authority to find otherwise. In the earlier appeal, we concluded

that the record did not support the court's child-support calculation, and we noted that records on which the court relied (and which showed a $3,560 figure for child support) did not square with the court's conclusion. *Nassirou*, 135 So. 3d at 438. But we did not hold that $3,560 was the correct figure. Instead, we remanded and specifically instructed the court to recalculate the correct amount. The court complied, leading to the new order. That was not error.

Similarly, the former husband argues that this court's earlier mandate precluded the trial court's "grossing up" the 401(k) distribution to compensate for unpaid arrearages. But our earlier decision held only that that the arrearages were to be paid out of the 401(k) before remaining funds were distributed; it did not preclude a distribution that accounted for taxes or early-withdrawal penalties. In fact, this court has held that a trial court *must* consider potential income-tax consequences when distributing marital assets. *Nicewonder v. Nicewonder*, 602 So. 2d 1354, 1357 (Fla. 1st DCA 1992). The trial court did not abuse its discretion with respect to the 401(k) distribution.

Last, the former husband argues that the trial court erred by ordering him to pay attorney's fees. When a trial court awards attorney's fees in a dissolution case—whether the fees were incurred while procuring a judgment, while enforcing or modifying a final judgment, while prosecuting a contempt motion, or while defending or pursuing an appeal—it must make findings regarding each party's need and ability to pay. § 61.16, Fla. Stat. (2017); *see also Sumlar v. Sumlar*, 827 So. 2d 1079, 1084 (Fla. 1st DCA 2002). The trial court's failure to make sufficient findings in that regard was error. We therefore reverse the portion of the order awarding attorney's fees to the former wife and remand for the court to reconsider the fee award and to make factual findings sufficient to facilitate appellate review.[*]

---

[*] We reject the former husband's argument that the original final judgment's provision requiring each side to bear its own fees precluded a statutory fee award for subsequent modification actions. *Cf. Caryi v. Caryi*, 119 So. 3d 508, 511 (Fla. 5th DCA 2013).

AFFIRMED in part, REVERSED in part, and REMANDED.

B.L. THOMAS, C.J., and WETHERELL and WINSOR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Nicholas Martino, Jacksonville, for Appellant.

Frances Susannah Collins, Jacksonville, for Appellee.

3